**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02385-WYD-MEH

MALIBU MEDIA, LLC,

     Plaintiff,

v.

MIKE CUDDY,

     Defendant.
_____/

## SCHEDULING ORDER

### 1.   DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTY

The scheduling conference is set for February 20, 2014 at 10:15 a.m. in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado before Magistrate Judge Michael E. Hegarty. Plaintiff, Malibu Media, LLC, is represented by Jason Kotzker, Esq., of Kotzker Law Group, located at 9609 S. University Boulevard, #632134, Highlands Ranch, CO 80163, telephone: (720) 330-8329. Defendant, Mike Cuddy, is represented by Carolyn S. Lindvig, Esq., of Godin & Baity, LLC, located at 621 Seventeenth Street, Suite 1900, Denver, CO 80265, telephone: (303) 572-3100.

### 2.   STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (district courts having subject matter jurisdiction over matters dealing with a federal question) and 28 U.S.C. § 1338 (district courts having subject matter jurisdiction over matters dealing with patents, copyrights, and trademarks).

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Plaintiff has sued Defendant for direct copyright infringement of 20 of Plaintiff's copyrighted movies, pursuant to 17 U.S.C. §§ 106 & 501, based on Defendant's actions of illegally downloading Plaintiff's works.

b. Defendant: Defendant denies ever using BitTorrent, or downloading any of Plaintiff's works. Defendant requests a declaration as a matter of law that Defendant has not infringed any of the exclusive rights alleged to be held by Plaintiff.

Defendant alleges Plaintiff's claims may be barred by laches, estoppel, and unclean hands, as Plaintiff tracked an IP address for a significant time prior to filing its complaint and requesting leave to subpoena identifying information from a service provider related to the IP address, but specifically asked the service provider only for identifying information on one specific date, rather than the entirety of Plaintiff's tracking timeframe, knowing, that service providers maintain IP history for a limited period of time. Further, Plaintiff's claims may be barred by waiver, consent and acquiescence, misuse of copyright, and/or Plaintiff's claims may have been forfeited or abandoned due to Plaintiff's affirmative action in continuing to allow a specific IP address to download more of Plaintiff's works after alleged detection of the originally detected download through Plaintiff's investigator. As such, Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy of law.

Defendant further alleges Plaintiff is unable to demonstrate that Defendant committed a volitional act of copyright infringement, because the harm alleged by Plaintiff may have resulted from a misuse of technology by some person not reasonably expected by Defendant. Plaintiff's

claims may be barred by the doctrine of de minimus non currant lex (the law does not concern itself with trifles) or de minimus use, as any alleged infringing activity using the IP address in question in this matter was minimal and/or non-functional, and Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity, and whether there was a complete download of entire works, or only a portion thereof.  Further, Plaintiff's damages may constitute double recovery and/or be barred by set-offs, to the extent a statutory fee award has already been received by Plaintiff for the copyrighted works from settlement or judgments paid by other alleged infringers who were involved in related infringements via BitTorrent, of the same works or files alleged against Defendant.   Plaintiff's copyrights may be invalid and/or unenforceable and/or violate 19 U.S.C. § 2257, and may be barred by Section 230 of the Communications Decency Act and/or the Online Copyright Infringement Liability Limitation Action.  Plaintiff's claims may also be barred by the doctrine of fair use.

Defendant will conduct formal discovery and eliminate any defenses included in the Answer which have no basis.  To date, no informal discovery has taken place to allow Defendant to eliminate defenses at this time.

### 4.   UNDISPUTED FACTS

The following facts are undisputed:

1. Defendant is a Colorado resident, who resides at 25684 Bristlecone Ct., Golden, CO 80401

### 5.     COMPUTATION OF DAMAGES

a.     Amount of Damages: Plaintiff has not yet determined its actual damages or any additional profits made by Defendant. Pursuant to 17 U.S.C. § 504-(a) and (c) Plaintiff is entitled to the statutory damages in an amount up to $150,000, per infringement.

b.     Other Relief: Plaintiff also seeks to enjoin Defendant from infringing Plaintiff's copyrighted works, and that Defendant permanently remove Plaintiff's works from their possession.

c.     Defendant has not at this time asserted any claims against Plaintiff. Defendant reserves the right to seek reimbursement of attorneys' fees and costs and such other relief as the Court may deem proper.

### 6.     REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING UNDER FED R. CIV. P. 26(f)

a.     The Rule 26(f) meeting occurred on **February 11, 2014**.

b.     Jason Kotzker, Esq. represented Plaintiff.     Carolyn Lindvig, Esq., represented Defendant.

c.     Rule 26(a)(1) disclosures will be exchanged on or before **February 25, 2014**.

d.     The parties do not propose any changes to the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

e.     The parties do not have any agreements to conduct informal discovery.

f.     The parties do not have any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

      g.      The parties do anticipate that their claims or defenses will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

      h.      The parties have discussed settling this matter but to date have not agreed on terms that are mutually acceptable to them.

## 7. CONSENT

The parties have not yet consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

      a.      The parties anticipate no more than 25 Interrogatories and 10 depositions per side excluding experts.

      b.      The parties anticipate that the length of depositions will be no longer than 7 hours.

      c.      The parties anticipate no more than 25 Requests for Production and 25 Requests for Admission per party.

      d.      The parties do not have any other recommendation for other planning or discovery orders at this time.

## 9. CASE PLAN AND SCHEDULE

      a.      Deadline for Joinder of Parties and Amendment of Pleadings: **June 2, 2014** with the caveat that pleadings can be amended as necessary to be consistent with facts uncovered through discovery.

      b.      Deadline to propound paper discovery:  **August 25, 2014**.

            Deadline to complete all discovery: **September 25, 2014**.

      c.      Dispositive Motion Deadline: **November 17, 2014**.

      d.      Expert Witness Disclosures:

       1.     The parties anticipate 2 expert witnesses per party without leave of Court, in the areas related to forensic computer investigations, and computer technology.

       2.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **July 17, 2014**.

       3.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 18, 2014**.

e.    Identification of Persons to Be Deposed: The parties anticipate deposing each other. Additionally, Plaintiff anticipates deposing any person that may have had access to Defendant's internet service.

f.    Deadline for Interrogatories: August 25, 2014.

g.    Deadline for Requests for Production of Documents and/Admissions: August 25, 2014.

## 10.    DATES FOR FURTHER CONFERENCES

a.    An early neutral evaluation will be held on _____ at _____ o'clock_____ .m.

( )    *Pro se* parties and attorneys only need be present.

( )    Pro se parties, attorneys, and client representatives must be present.

( )    Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

    b.    Status conferences will be held in this case at the following dates and times:

_____

    c.    A final pretrial conference will be held in this case on January 12, 2015 at 10:30 o'clock a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a.    There are no discovery or scheduling issues on which counsel after a good faith effort, were unable to reach an agreement at this time.

    b.    The parties anticipate that the trial will last no more than 3 days; Plaintiff has demanded a trial by jury.

    c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado:  None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may only be altered or amended upon a showing of good cause.

DATED this 20th day of February, 2014, in Denver, Colorado.

BY THE COURT:

S/Michael E. Hegarty
**UNITED STATES MAGISTRATE JUDGE**

APPROVED:

| /s/ *Jason Kotzker* | /s/ |
|---|---|
| Jason Kotzker, Esq. | Carolyn S. Lindvig, Esq. |
| KOTZKER LAW GROUP | GODIN & BAITY, LLC |
| 9609 S. University Blvd., #632134 | 621 Seventeenth Street, Suite 1900 |
| Highlands Ranch, CO 80163 | Denver, CO 80265 |
| T: (720) 330-8329 | T: (303)572-3100 |
| E-mail: jason@klgip.com | E-mail: clindvig@godinbaity.com |
| *Attorney for Plaintiff* | *Attorneys for Defendant Cuddy* |