**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:13-cv-02385-WYD-MEH

MALIBU MEDIA, LLC,

          Plaintiff,

vs.

MIKE CUDDY,

          Defendant.

_____

**DEFENDANT'S FIRST AMENDED ANSWER TO AMENDED COMPLAINT AND**
**COUNTERCLAIM**
_____

Defendant Mike Cuddy ("Defendant") by and through his attorney, Carolyn S. Lindvig of the law firm of GODIN & BAITY, LLC, submits his First Amended Answer to Plaintiff's Amended Complaint and Counterclaim against Plaintiff.

## RESPONSE TO INTRODUCTION

1.      Paragraph 1 of Plaintiff's Amended Complaint calls for a legal conclusion and as such no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 1.

2.      Defendant denies the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3.      Defendant is without information or belief to form a truth as the allegations contained in paragraph 3 of Plaintiff's Amended Complaint and therefore denies same.

## RESPONSE TO JURISDICTION AND VENUE

4.      Paragraph 4 of Plaintiff's Amended Complaint calls for a legal conclusion and as such no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 4.

5.      Defendant admits he resides in the State of Colorado.  As to the remaining allegations contained in paragraph 5 of Plaintiff's Amended Complaint, Defendant is without sufficient information to form a belief as to the truth or falsity of said allegations and therefore denies same.

6.      Defendant admits he resides in the State of Colorado. As to the remaining allegations contained in paragraph 6 of Plaintiff's Amended Complaint, Defendant is without sufficient information to form a belief as to the truth or falsity of said allegations and therefore denies same.

## RESPONSE TO PARTIES

7.      Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiff's Amended Complaint and therefore denies same.

8.      Defendant admits the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

## RESPONSE TO FACTUAL BACKGROUND

**I.      Defendant Used the BitTorrent File Distribution Network to
Infringe Plaintiff's Copyrights.**

9.      Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 9 of Plaintiff's Amended Complaint and therefore denies same.

10.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 10 of Plaintiff's Amended Complaint and therefore denies same.

11.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 11 of Plaintiff's Amended Complaint and therefore denies same.

12.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 12 of Plaintiff's Amended Complaint and therefore denies same.

13.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 13 of Plaintiff's Amended Complaint and therefore denies same.

14.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 14 of Plaintiff's Amended Complaint and therefore denies same.

15.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 15 of Plaintiff's Amended Complaint and therefore denies same.

16.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 16 of Plaintiff's Amended Complaint and therefore denies same.

17.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 17 of Plaintiff's Amended Complaint and therefore denies same.

18.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 18 of Plaintiff's Amended Complaint and therefore denies same.

19.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 19 of Plaintiff's Amended Complaint and therefore denies same.

20.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 20 of Plaintiff's Amended Complaint and therefore denies same.

21.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 21 of Plaintiff's Amended Complaint and therefore denies same.

22.     Defendant denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

## RESPONSE TO MISCELLANEOUS

23.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 23 of Plaintiff's Amended Complaint and therefore denies same.

24.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 24 of Plaintiff's Amended Complaint and therefore denies same.

## RESPONSE TO COUNT I

25.     Defendant incorporates herein by reference his responses to paragraphs 1 through 24 of Plaintiff's Amended Complaint as if recited in full.

26.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 26 of Plaintiff's Amended Complaint and therefore denies same.

27.     Defendant denies the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28.     Defendant is without information or belief as to the truth or falsity of the allegations contained in paragraph 28 of Plaintiff's Amended Complaint and therefore denies same.

29.     Defendant denies the allegations contained in paragraphs 29(A)-(D) of Plaintiff's Amended Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's Amended Complaint.

## GENERAL ALLEGATIONS

31.     Defendant denies each and every allegation of Plaintiff's Amended Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff is unable to demonstrate that Defendant committed a volitional act of copyright infringement, because the harm alleged by Plaintiff may have resulted from a misuse of technology by some person not reasonably expected by Defendant.

2.      Plaintiff's claims are barred by laches, as Plaintiff tracked an IP address for significant time prior to filing its Complaint and requesting leave to subpoena identifying information from a service provider related to the IP address, but specifically asked the service provider only for identifying information on one specific date, rather than the entirety of Plaintiff's tracking timeframe, knowing, that service providers maintain IP history for a limited period of time.

3.      Plaintiff's claims are barred by estoppel.

4.      Plaintiff's claims are barred by the doctrine of unclean hands, including by purposefully neglecting to request identifying information from the service provider related to the IP address at issue in this case for each alleged download of Plaintiff's works.

5.      Plaintiff's claims are barred by waiver.

6.      Plaintiff's claims are barred by Plaintiff's consent and acquiescence.

7.      Plaintiff's claims are barred to the extent it has forfeited or abandoned its intellectual property.

8.      Plaintiff's claims are barred by the doctrine of misuse of copyright.

9.      Plaintiff's damages are barred as it would constitute double recovery and/or barred by set-offs, to the extent a statutory fee award has already been received by Plaintiff for the copyrighted works from settlement or judgments paid by other alleged infringers who were

involved in related infringements via BitTorrent, of the same works or files alleged against Defendant.

10.     Plaintiff's claims are barred by the doctrine of exhaustion.

11.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy of law.

12.     Defendant has not infringed Plaintiff's purported copyrights nor violated exclusive rights held by Plaintiff under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*.  Defendant is entitled to a declaration as a matter of law that Defendant has not infringed any of the exclusive rights alleged to be held by Plaintiff.

13.     Plaintiff's claims are barred by the doctrine of fair use.

14.     Plaintiff's claims are barred by the doctrine of de minimis non currant lex (the law does not concern itself with trifles) or de minimis use, as any alleged infringing activity using Defendant's IP address was minimal and/or non-functional, and Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity.

Pursuant to Federal Rules of Civil Procedure 11, as amended, all possible affirmative defenses and counterclaims may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry at the time of filing this Answer.  Defendant reserves his right to amend his Answer to allege additional affirmative defenses and/or counterclaims if additional information should become available.

WHEREFORE, Defendant respectfully requests that judgment enter in his favor, and against Plaintiff.  Defendant further respectfully requests that he be awarded his costs and fees.

## COUNTERCLAIM

Defendant, Mike Cuddy, by and through their attorneys, GODIN & BAITY, LLC, submits his Counterclaim against Plaintiff, Malibu Media, LLC.

### PARTIES, JURISDICTION, AND VENUE

1.      Defendant is an individual residing in the State of Colorado.

2.      This Court has jurisdiction over Plaintiff, Malibu Media, LLC, as agreed to and alleged by Plaintiff in its Amended Complaint against Defendant.  Malibu Media alleges it is a limited liability company organized and existing under the laws of the State of California and has a principal place of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA, 90015.

3.      This Court has subject matter jurisdiction due to diversity.

### GENERAL ALLEGATIONS

4.      Defendant has never downloaded Plaintiff Malibu Media's works from any source.

5.      Defendant has never used BitTorrent.

6.      Defendant asked everyone who has his authorization to use his wireless internet connection whether they downloaded Plaintiff Malibu Media's works.  All denied downloading Plaintiff Malibu Media's works from any source.

7.      On or before July 27, 2012, Plaintiff, through its investigator and/or expert and/or consultants IPP International UG ("IPP") and Excipio GmbH ("Excipio"), began tracking, compiling, and saving information related to IP address 71.237.22.86.  IPP and Excipio were tracking alleged downloads from BitTorrent sites using IP address 71.237.22.86.  Plaintiff refers to this tracking and compilation as "enhanced surveillance."

8.      On or before July 18, 2013, Plaintiff through its investigator and/or expert and/or consultants IPP International UG and Excipio GmbH, learned that IP address 71.237.22.86 was allegedly used to download one of Malibu Media's works.

9.      IPP International UG and Excipio GmbH made a connection with IP address 71.237.22.86 and continued to track activity alleged to occur using IP address 71.237.22.86 on BitTorrent sites.

10.     Malibu Media received information from IPP International UG and Excipio GmbH regarding the alleged download of its works using IP address 71.237.22.86.

11.     On September 3, 2013, Plaintiff filed a Complaint against John Doe IP address 71.237.22.86, alleging copyright infringement of twenty (20) of Plaintiff's works.

12.     Plaintiff attached the "enhanced surveillance" as Exhibit C to the Complaint, and alleged in the Complaint that "Exhibit C demonstrates that the Defendant is a regular and persistent BitTorrent user.  And, therefore, is more likely the infringer of Plaintiff's copyright."[1]

13.     The last alleged download occurred on August 3, 2013 at 16:54:06.

14.     On September 6, 2013, Plaintiff filed a Motion for Leave to Serve a 3rd Party Subpoena Prior to a Rule 26(f) Conference.

15.     Plaintiff asked the Court to Order John Doe's Internet Service Provider ("ISP") Comcast, to provide identifying information for IP address 71.237.22.86.

16.     Plaintiff represented to the Court that "ISPs maintain internal logs, which record the date, time and customer identity for each IP address assignment made by that ISP. Significantly, ISPs may maintain these logs for only a short period of time."

17.     The Court's Order granting the Motion was signed on September 6, 2013.

---

[1]  On September 25, 2013, after Plaintiff was sanctioned in another jurisdiction, Plaintiff's counsel moved to Seal Exhibit C in the present matter.

18.     Plaintiff's counsel prepared a subpoena to serve on Comcast with the Court's Order.

19.     Plaintiff's subpoena requested identifying information for IP address 71.237.22.86 from only one second in time – the alleged date and time of the last of 20 alleged downloads of Plaintiff's works – August 3, 2013, at 16:54:06.

20.     Plaintiff perfected service on Comcast on September 11, 2013.

21.     Plaintiff received the identifying information for IP address 71.237.22.86 from the one second in time requested by Plaintiff – August 3, 2013, at 16:54:06 on November 1, 2013.

22.     Comcast identified Defendant as being assigned IP address 71.237.22.86 on August 3, 2013, at 16:54:06.

23.     Upon information and belief, Plaintiff is aware that 30% of the names turned over by the ISPs are not those of individuals who actually downloaded copyrighted material.

24.     Plaintiff filed an Amended Complaint, naming Defendant in this matter, in lieu of the prior IP address 71.237.22.86.

25.     Plaintiff had no evidence that Defendant had been assigned IP address 71.237.22.86 at any second in time other than on August 3, 2013, at 16:54:06, when only one of Plaintiff's works was alleged to be downloaded.

26.     Plaintiff filed the Amended Complaint naming Defendant, and alleged Defendant downloaded twenty (20) of Plaintiff's works.

27.     On December 16, 2013, Defendant was served with the Amended Complaint.

28.     Upon information and belief, Plaintiff does not send Digital Millennium Copyright Act ("DMCA") takedown notices to ISPs to direct at BitTorrent sites.

29.     Upon information and belief, Plaintiff alleges that approximately 80,000 people per month in the United States download their works through BitTorrent sites.

30.     Upon information and belief, Plaintiff does not post a copyright notice on its works.

31.     Upon information and belief, Plaintiff has approximately 50,000 subscribers to their website – X-Art.com.

32.     Upon information and belief, subscribers to Plaintiff's website X-Art.com pay $100 per month or $24.95 per month to subscribe to X-Art.com.

33.     Upon information and belief, Plaintiff does not use IPP and Excipio's alleged technological expertise to track IP addresses for the initial seeders of Plaintiff's works in order to file lawsuits against the person responsible for actually infringing its copyrights.

34.     Upon information and belief, Plaintiff intends to elicit settlement funds from Defendant rather than prevent infringement of its copyrights.

35.     Upon information and belief, Plaintiff knows that their works being pornographic in nature, including some of the titles thereof, are potentially embarrassing to Defendant, as an incentive to potentially encouraging settlement.

36.     Upon information and belief, Plaintiff has developed this business model of tracking BitTorrent sites to locate IP addresses which may lead to a potential copyright infringer, in order to generate income for the alleged downloads, rather than as a method of stopping the alleged infringements.

## FIRST CLAIM FOR RELIEF - ABUSE OF PROCESS

37.     Defendant incorporates the allegations in the foregoing paragraphs as if set forth in full here.

38.     Plaintiff has an ulterior purpose in the use of these judicial proceedings, for example, without limitation, to elicit settlement from someone who did not download the work, rather than as a method to protect its copyrights.

39.     There is willful action in the use of these judicial proceedings which is not proper in the regular course of proceedings.

40.     Plaintiff's actions have caused Defendant damages.

WHEREFORE, Defendant prays that this Court enter judgment in favor of Defendant, and against Plaintiff in amounts to be proven at trial, including, but not limited to, all amounts awarded, costs, fees, attorneys' fees, expert fees and costs, pre-judgment interest, post-judgment interest, and such other or further relief as the Court deems necessary and appropriate under the circumstances.

**DEFENDANT DEMANDS TRIAL TO A JURY ON ALL ISSUES.**

Dated this 26th day of February 2014.

Respectfully submitted,

GODIN & BAITY, LLC

By     *s/ Carolyn S. Lindvig*
        Carolyn S. Lindvig
        621 Seventeenth Street, Suite 1900
        Denver, CO 80265
        (303)572-3100
        clindvig@godinbaity.com
        *Attorneys for Defendant Mike Cuddy*

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jason Kotzker
Kotzker Law Group
9609 South University Boulevard, #632134
Highlands Ranch, CO  80163


*/s/*
_____

Diane T. Lee