IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02385-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

MIKE CUDDY,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's partially unopposed Motion to Strike Defendant's Affirmative Defenses [filed March 19, 2014; docket #31]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion is referred to this Court for recommendation. (Docket #32.) The motion is fully briefed and the Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court RECOMMENDS Plaintiff's Motion be **granted in part and denied in part**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

Plaintiff initiated this action on September 3, 2013, alleging that then-John Doe Defendant, identified only by his Internet Protocol ("IP") address, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films. In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. (Docket #7.) The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #10.) In particular, the Court authorized Plaintiff to serve a third party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of the Doe Defendant as set forth in Plaintiff's Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP had assigned an IP address. With the subpoena, the Court directed Plaintiff to serve a copy of its order. Finally, the Court emphasized that Plaintiff could only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautioned Plaintiff that improper use of this information could result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP and obtained his identity. Thereafter, Plaintiff filed an Amended Complaint on December 4, 2013, naming Mr. Cuddy as a Defendant. (Docket #16.) Defendant filed an Answer to Plaintiff's Amended Complaint on February 5, 2014, then filed an Amended Answer on February 26, 2014 asserting fourteen (14) affirmative defenses and a counterclaim for abuse of process. (Docket #29.)

Plaintiff filed the present motion to strike certain affirmative defenses listed in the Answer on March 19, 2014. (Docket #31.) Defendant timely filed his response to the motion on April 9, 2014 (docket #34) and Plaintiff its reply brief on April 23, 2014 (docket #35). The Court is now sufficiently advised and recommends as follows.

## LEGAL STANDARDS

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Rest. Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)). Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011). Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09-cv-00704-CMA, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995). The standard articulated in *Unger* continues to be the appropriate standard. For the reasons stated herein, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

3

**ANALYSIS**

Plaintiff's motion seeks to strike Defendant's second, third, fourth, fifth, seventh, eighth, ninth and tenth affirmative defenses. Defendant does not oppose an order striking his ninth ("barring of statutory damages") and tenth ("exhaustion") defenses, and the Court finds these defenses cannot succeed under any circumstance in this case; thus, the Court will recommend striking the ninth and tenth defenses. The Court's remaining analysis will focus on the second defense titled "laches," third defense titled, "estoppel," fourth defense titled, "unclean hands," fifth defense titled, "waiver," seventh defense titled, "forfeiture or abandonment" and the eighth defense titled "copyright misuse." With the aforementioned legal principles in mind, the Court will consider each of the challenged defenses in turn.

**I.   Second Defense (Laches):**

For his second defense, Defendant states, "Plaintiff's claims are barred by laches, as Plaintiff tracked an IP address for significant time prior to filing its Complaint and requesting leave to subpoena identifying information from a service provider related to the IP address, but specifically asked the service provider only for identifying information on one specific date, rather than the entirety of Plaintiff's tracking timeframe, knowing, [sic] that service providers maintain IP history for a limited period of time." Answer, docket #29 at 6. Plaintiff counters that laches may not be invoked as a defense in this case since the limitation period for bringing the copyright infringement claim has been set by the Copyright Act and met by the Plaintiff. The Court agrees.

"Because laches is a judicially created equitable doctrine, whereas statutes of limitations are legislative enactments, it has been observed that '[i]n deference to the doctrine of the separation of powers, the [Supreme] Court has been circumspect in adopting principles of equity in the context

of enforcing federal statutes.'" *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1207-08 (10th Cir. 2001) (quoting *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 262 n. 12 (1985) (Stevens, J., dissenting in part)). "Accordingly, '[w]hen a limitation on the period for bringing suit has been set by statute, laches will generally not be invoked to shorten the statutory period.'" *Id.*; *see also* 6 Patry on Copyright § 20:55 ("The availability of laches for conduct occurring within the limitations period is impermissible."). For purposes of this case, the Copyright Act provides that, "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b).

In rare cases, a statute of limitations may be "cut short" by the doctrine of laches. *Rodriguez-Aguirre*, 264 F.3d at 1208 (citing *Armstrong v. Maple Leaf Apartments, Ltd.*, 622 F.2d 466, 472 (10th Cir. 1979)). "Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another ..." thus, "[i]n order to prove the affirmative defense of laches, the defendant must demonstrate that there has been an unreasonable delay in asserting the claim *and* that the defendant was materially prejudiced by the delay." *Id.* (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997)) (emphasis in original). Here, the Defendant claims he is prejudiced by exculpatory information that was deleted by his ISP during the time period in which Plaintiff began tracking the IP address (July 2012), then discovered a violation by the IP address (July 2013), then filed the initial Complaint (September 2013) and filed an Amended Complaint identifying the Defendant (December 3, 2013). Response, docket #34 at 7. Plaintiff counters that Defendant misconstrues the facts and bases his defense on "sheer speculation."

First, the Court agrees with Plaintiff that a "laches" theory must be based on "an unreasonable delay in ***asserting the claim***." *Rodriguez-Aguirre*, 264 F.3d at 1208 (emphasis added).

Defendant's attempt to characterize as a "delay" the one-year period from Plaintiff's initial investigation of Defendant's IP address, during which Plaintiff found downloads of other works from BitTorrent  (July 2012), until the undisputed time when Plaintiff found an alleged illegal download of one of its protected works (July 2013) (*see* Amended Answer, ¶ 8, docket #29 at 9) is improper, since no claim for infringement had arisen during that time.  Certainly, Plaintiff cannot be held accountable for ***not*** raising such claim during that time.  Defendant does not allege that the time from alleged download (July 2013) to the time Plaintiff identified the Defendant in the Amended Complaint (December 2013) supports a laches defense; even if he did, however, the Court notes that, by court order, Defendant's ISP was required to notify him of the subpoena served in this case in or about September 2003.  *See* September 6, 2013 Order, docket #10 at 2.  But, to the extent that Defendant might argue a "delay" occurred between July and December 2013, there are no allegations supporting a claim that such delay was "unreasonable."

Plaintiff also argues that the operative pleading alleges violations from July 19, 2013 through August 3, 2013 (docket #16-1), and that the statute of limitations for its copyright action is three years; thus, Plaintiff asserts that Defendant's second defense cannot succeed under any circumstance.  The Court must agree.  Again, the Copyright Act provides that an action must be filed "within three years after the claim accrued."  17 U.S.C. § 507(b).  Here, Defendant asserts neither facts nor allegations that would support a finding that Plaintiff filed its December 4, 2013 Amended Complaint outside of the three-year statute of limitations.  On its face, the second defense cannot succeed under any circumstance.

Moreover, material prejudice is not shown by conclusory allegations or mere speculation.  *Rodriguez-Aguirre*, 264 F.3d at 1208-09 (rejecting an allegation that "[m]emories fade, forfeited

property has been disposed of and retrieval of records will be unnecessarily difficult and potentially impossible in some instances if records have been destroyed."). In this case, Defendant's argument that "exculpatory evidence has been destroyed" during the time period July 2012 to December 2013 is conclusory and unsupported – the only allegation supporting his argument is that Plaintiff represented to the Court that "ISPs may maintain [internal] logs [recording the date, time and customer identity for each IP address] for only a short period of time." Amended Answer, ¶ 16, docket #29 at 9. Even taking Plaintiff's representation as true, the Court finds nothing in it even suggesting that evidence exculpating the Defendant existed before it was purportedly destroyed. Defendant's argument is conclusory and mere speculation; accordingly, the Court must conclude that Defendant fails to allege material prejudice and that the laches defense is unavailable here as stated.

Therefore, the Court recommends that the District Court grant Plaintiff's motion to strike Defendant's second affirmative defense.

**II.     Third Defense: Estoppel**

For his third defense, Defendant states, "Plaintiff's claims are barred by estoppel." A defendant must prove four elements to establish an estoppel defense in a copyright infringement case:

(1) the plaintiff must know the facts of the defendant's infringing conduct;

(2) the plaintiff must intend that its conduct shall be acted on or must so act that the defendant has a right to believe that it is so intended;

(3) the defendant must be ignorant of the true facts; and

(4) the defendant must rely on the plaintiff's conduct to its injury.

*Carson v. Dynegy*, 344 F.3d 446, 453 (5th Cir. 2003) (citing 4 Melville B. Nimmer & David

Nimmer, Nimmer on Copyright § 13.07 (2002).

Defendant contends that Plaintiff monitored Defendant's IP address since July 2012 and found "copyright infringements" but did not send a "cease and desist notification" to Defendant at the "first sign of any infringement." Response, docket #34 at 9. Defendant concludes that "Plaintiff's non-action in failing to notify him kept Defendant unaware of the alleged infringements such that Defendant could not take any action to investigate the situation or protect himself." *Id.*

Plaintiff counters that Defendant cannot claim reliance because he denies committing the infringements and Plaintiff did not monitor Defendant's IP address starting on July 2012.

The Court finds that Defendant's third defense cannot succeed for a different reason. Taking Defendant's allegation that Plaintiff began monitoring Defendant's IP address in July 2012 as true, Defendant fails to demonstrate how Plaintiff intended that its inaction be acted on or how Defendant had a right to believe that Plaintiff so intended that its inaction be acted on, where Plaintiff had no duty to notify Defendant of any infringing conduct, much less that which may have infringed Plaintiff's works. *See Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD, 2011 WL 843900, at *3 (D. Colo. Mar. 8, 2011) (granting summary judgment on the affirmative defense of failure to mitigate in a copyright case stating, "[e]ven if [Plaintiff] was aware of possible infringements of its copyrights in the same geographic area as the [Defendants], [Plaintiff] had no duty to preemptively warn individuals like the [Defendants] not to violate copyright law.").

Accordingly, the Court finds Defendant's estoppel defense, as stated, cannot succeed under any circumstance and recommends that the District Court grant Plaintiff's motion to strike Defendant third affirmative defense.

### III.     Fourth Defense: Unclean Hands

Defendant's fourth defense asserts: "Plaintiff's claims are barred by the doctrine of unclean hands, including by purposefully neglecting to request identifying information from the service provider related to the IP address at issue in this case for each alleged download of Plaintiff's works." (Docket #29 at 6.)  However, Defendant argues in response to the present motion that Plaintiff's delay "resulting in the spoliation of evidence" (described above), as well as Plaintiff's alleged violation of a criminal statute, Colo. Rev. Stat. § 18-5.5-102(1), by connecting to Defendant's IP address without authorization, support the defense.

In copyright actions, the doctrine of unclean hands is only applied "where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" *Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), *cert. denied*, 445 U.S. 917 (1980) (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)).  Where asserted, unclean hands "must be pled with the specific elements required to establish the defense." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 3522409, at *3 (D. Colo. Aug. 11, 2010) (citing *MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2008 WL 1775501, at *5 (N.D. Ill. April 17, 2008)).  These elements include a showing that the party seeking equitable relief is "(1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and [4] affects the balance of equities between the litigants." *Id.* (citing *In re New Valley Corp.*, 181 F.3d 517, 523 (3d Cir. 1999)).  Because the alleged inequitable conduct "must be connected ... to the matters before the court for resolution," a court should "not refuse relief to a party merely because it has engaged in misconduct which is unrelated

9

to the claims before the court." *New Valley Corp.*, 181 F.3d at 525.

For Defendant's first argument, Plaintiff contends that Defendant fails to identify inequitable conduct which is connected or related to the matters before the Court in this action. The Court agrees that Defendant fails to allege how Plaintiff's conduct in seeking identifying information from the ISP as to only 1 of 20 "hits" (alleged infringements) injures the Defendant or affects the balance of equities between the litigants.

The Court has already addressed and rejected Defendant's second argument that any delay by Plaintiff in asserting its claims resulted in spoliation of exculpatory evidence. The Court finds it cannot support an "unclean hands" defense.

For the third argument, this Court has recently addressed a similarly stated affirmative defense, titled "invalidity," by a defendant in a substantively similar case. *See Malibu Media, LLC v. Benson*, No. 13-cv-02394-WYD-MEH, at 7-8 (D. Colo. Apr. 11, 2014) (unpublished). To the extent the Defendant here argues that the enforceability of Plaintiff's copyright is invalid due to violations of Colo. Rev. Stat. § 18-5.5-102(1), the Court must conclude that the defense of "illegality" is not properly invoked in a copyright action. *See Mitchell Bros. Film Group*, 604 F.2d at 863 ("The alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct."); *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 990-91 (9th Cir. 2009) ("illegal use or operation of a work by the copyright owner [does not] preclude[] the award of actual or statutory damages for copyright infringement"); *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012) ("the prevailing view is that even illegality is not a bar to copyrightability").

The Court agrees with the analyses of the Fifth, Seventh and Ninth Circuits in finding that

"illegality" is typically not a valid defense to a copyright defense and should be raised only in rare circumstances when a party can show he or she has been injured by the opposing party's illegal conduct. Here, Defendant has not alleged and cannot show that he was injured by any violation by Plaintiff of a statute prohibiting access to a computer without authorization, where Defendant denies accessing any of the Plaintiff's copyrighted works. *Compare* Amended Complaint, ¶¶ 16-20, docket #16 *with* Amended Answer, ¶¶16-20, docket #29. To the extent Defendant believes he was injured by Plaintiff's access to his IP address *before* the first alleged infringement in July 2013, he has alleged no injury save the "spoliation" of exculpatory evidence, which the Court has already rejected.

Moreover, this Court is wary of a defense for which the Court is asked to, and necessarily must, adjudicate in a civil case whether the opposing party engaged in violations of criminal statutes. Defendant has provided no case law on this point.

Defendant's Amended Answer and briefing fail to identify any inequitable conduct which is connected or related to the matters before the Court in this action. Therefore, the Court recommends the District Court grant Plaintiff's Motion to strike Defendant's fourth defense.

**IV.     Fifth Defense: Waiver and Seventh Defense: Forfeiture or Abandonment**

For his fifth defense, Defendant states, "Plaintiff's claims are barred by waiver" and for his seventh defense, Defendant states, "Plaintiff's claims are barred to the extent it has forfeited or abandoned its intellectual property." Amended Answer, docket #29 at 6. Defendant argues that Plaintiff does not affix a copyright notice to its works in violation of 17 U.S.C. § 401(b), which prevents the Plaintiff from recovering damages pursuant to 17 U.S.C. § 1307(b). Citing a 1976 district court opinion in California, Defendant contends that "circulating films without proper

11

copyright notice is considered an overt act showing intent to abandon a copyright."

Plaintiff counters that Defendant cites to outdated cases and outdated versions and inapplicable portions of the Copyright Act in support of his arguments. The Court agrees and finds that the current version of the Copyright Act at 17 U.S.C. § 401(a) provides, in pertinent part: "[w]henever a work protected under this title is published ... by authority of the copyright owner, a notice of copyright as provided in this section *may be placed* on publicly distributed copies from which the work can be visually perceived." Certainly, Defendant's allegations are contrary to this applicable provision; even if Defendant is correct that Plaintiff has failed to attach copyright notices to its works, the Plaintiff cannot be found to have waived and/or abandoned its copyrights where affixing such notices is permissive rather than required.

Accordingly, the Court finds that Defendant's waiver and abandonment defenses cannot succeed under any circumstance in this case and recommends that the District Court grant Plaintiff's motion to strike Defendants' fifth and seventh defenses.

**V.      Eighth Defense: Copyright Misuse**

In his Eighth Defense, Defendant asserts "Plaintiff's claims are barred by the doctrine of misuse of copyright." Amended Answer, docket #29 at 6. The copyright misuse doctrine is an equitable defense to a copyright infringement action that forbids the use of a copyright to secure an exclusive right or limited monopoly not granted by the copyright office and is contrary to public policy to grant. *Home Design Servs., Inc. v. B&B Custom Homes, LLC*, No. 06-cv-00249-WYD-GJR, 2008 WL 2302262, at *2 (D. Colo. May 30, 2008) (citing 185 ALR Fed 123 and *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 792 (5th Cir. 1999)). Defendant must prove that Plaintiff "illegally extended its monopoly beyond the scope of the copyright or violated the public policies

underlying the copyright laws." *Id.* (quoting *In re Indep. Serv. Orgs. Antitrust Litig.*, 85 F. Supp. 2d 1130, 1175 (D. Kan. 2000)).

Here, Defendant makes the following allegations in support of this defense:

> 34. Upon information and belief, Plaintiff intends to elicit settlement funds from Defendant rather than prevent infringement of its copyrights.
>
> 35. Upon information and belief, Plaintiff knows that their works being pornographic in nature, including some of the titles thereof, are potentially embarrassing to Defendant, as an incentive to potentially encouraging settlement.
>
> 36. Upon information and belief, Plaintiff has developed this business model of tracking BitTorrent sites to locate IP addresses which may lead to a potential copyright infringer, in order to generate income for the alleged downloads, rather than as a method of stopping the alleged infringements.

Amended Answer, docket #29 at 11. Plaintiff counters that Defendant's arguments set forth in his brief fail to "support the affirmative defense as it is properly construed." Reply, docket #35 at 8.

Even if Plaintiff is correct concerning Defendant's briefed arguments, the Court finds that Defendant's allegations are sufficient to support the affirmative defense, as stated in the Amended Answer. To the extent that the Plaintiff argues Defendant has failed to demonstrate, through his allegations, that the Plaintiff has "misused" the copyright law, the Court finds that such theory necessarily involves the issue of motive, which is generally reserved for the factfinder. *See In re Indep. Serv. Orgs. Antitrust Litig.*, 85 F. Supp. at 1175 (defendant must prove plaintiff "illegally extended its monopoly beyond the scope of the copyright or violated the public policies underlying the copyright laws"). Likewise, to the extent that the Plaintiff argues a "misuse" defense cannot be asserted if the allegation is merely that Plaintiff has filed a suit for infringement, the Court finds that Defendant has sufficiently alleged more than the single allegation.

13

Accordingly, the Court recommends the District Court **deny** Plaintiff's motion to strike the Defendant's Eighth Affirmative Defense.

## **CONCLUSION**

As described above, the Court finds that Defendant's Second, Third, Fourth, Fifth, Seventh, Ninth and Tenth Defenses should be stricken, but concludes that Defendant's Eighth Affirmative Defense is properly alleged. Accordingly, this Court respectfully RECOMMENDS that Plaintiff's Motion to Strike Defendant's Affirmative Defenses [filed March 19, 2014; docket #31] be **granted in part and denied in part** as set forth herein.

Entered and dated at Denver, Colorado, this 24th day of April, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge