**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:13-cv-02385-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff

v.

MIKE CUDDY,

      Defendant.

_____

**DEFENDANT'S PARTIAL OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES [CM/ECF 37]**
_____

Defendant Mike Cuddy, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 72(b)(2), hereby respectfully submits this Partial Objection to Magistrate Judge Hegarty's Recommendation Regarding Plaintiff's Motion to Strike Affirmative Defenses.

**I.     SCOPE OF THE OBJECTION**

Magistrate Judge Hegarty Recommended that Plaintiff's Motion to Strike be granted in part, and denied in part.  Defendant respectfully submits this Partial Objection, only as to the recommendation that the District Court grant Plaintiff's Motion to Strike Defendant's Fourth Defense (Unclean Hands).

In the Recommendation, Magistrate Judge Hegarty agreed with Plaintiff that Defendant "fails to allege how Plaintiff's conduct in seeking identifying information from the ISP as to only 1 of 20 'hits' (alleged infringements) injures the Defendant or affects the balance of equities

between the litigants." [CM/ECF 37, at p. 10]. Simply put, with only one alleged download, Defendant would not be here defending himself and expending fees and costs, as Plaintiff readily admits that it only sues "the worst of the worst infringers," and "only the most egregious repeat offenders are the targets." [CM/ECF 35, at p. 3-4]. One alleged download does not qualify as the "worst of the worst" and serves no monetary incentive for the Plaintiff.

Further, Defendant objects to Magistrate Judge Hegarty's statement in the Background: "In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP and obtained his identity." [CM/ECF 37 at p. 2]. Plaintiff did serve a Rule 45 subpoena on Defendant's ISP; however, Plaintiff specifically informed the Court that the John Doe Defendant's IP address has been **habitually used to infringe Plaintiff's copyrighted works,**" and it needed **immediate discovery** on the John Doe Defendant's Internet Service Provider ("ISP") **so that Plaintiff may learn Defendant's true identity.**" [CM/ECF 7-1, at p.3 (emphasis added)]. The Court granted Plaintiff's *ex parte* Motion, yet despite alleging to the Court that there were twenty (20) alleged infringements against Defendant, Plaintiff specifically requested identifying information for **only one** alleged download of Plaintiff's Works from the ISP in its Rule 45 subpoena.[1]

Defendant has been injured by Plaintiff's conduct as he is forced to defend himself against Plaintiff's public allegations of being one of the "**worst of the worst**" and "**most egregious repeat**" offenders, in spite of the fact that Plaintiff has confirmation for only one download to an IP address assigned to Defendant at that time. Defendant has also been injured

---

[1] This identification, however, does nothing in terms of proving Defendant actually downloaded that one Work, and at best only allows Plaintiff to ultimately proceed against Defendant for one alleged download.

and continues to be injured in expending fees and costs to defend himself. Plaintiff's actions do not correlate with what it told the court initially to obtain the subpoena for the IP address, and Defendant is extremely prejudiced by this, Defendant's Affirmative Defense of Unclean Hands should stand.

## II.  LEGAL STANDARD

Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011). "A defense should not be stricken if there is any real doubt about its validity, and **the benefit of any doubt should be given to the pleader**." *Lifeblood Biomedical, Inc., Opt-In Trust v. Mann (In re Sender)*, 423 F.Supp.2d 1155, 1163 (D. Colo. 2006) (emphasis added). Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt,* No. 09-cv-00704-CMA, 2010 WL 5071998, at *1 (D.Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

## III.  PLAINTIFF'S HANDS WERE NOT CLEAN WHEN IT MISREPRESENTED TO THE COURT THAT IT HAD AN <u>IMMEDIATE</u> NEED FOR DISCOVERY DUE TO A HABITUAL INFRINGER

One of the fundamental principles of equity jurisprudence is the complainant must show he has a "good and meritorious cause" and "come into court with clean hands." *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244 (1933). The complainant must be "frank and fair" with the court and "everything that tends to a full and fair determination of the matters in controversy should be placed before the court." *Id.* (citing Story's Equity Jurisprudence, 14th ed. §98.) "The governing principle is 'that whenever a party who, as *actor*, seeks to set the judicial

3

machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him *in limine*; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy.'" *Id.* at 244-245 (quoting Pomeroy, Equity Jurisprudence, 4th ed., § 397).   "The equitable powers of this court can never be exerted in behalf of one who has acted fraudulently or who by deceit or any unfair means has gained an advantage. To aid a party in such a case would make this court the abetter of iniquity." *Id.* at 244-245 (quoting *Bein* v. *Heath*, 47 U.S. 228, 247 (1848)).  In copyright actions, the doctrine of unclean hands is only applied "where the wrongful acts '. . . affect the equitable relations between the parties in respect of something brought before the court.'" *Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1934)).  Plaintiff has not been completely frank or fair with the court and has used the court to gain an inequitable advantage over Defendant.

In *ex parte* proceedings, Plaintiff informed the Court that "the John Doe Defendant's IP address has been **habitually used to infringe Plaintiff's copyrighted works**.  Accordingly, Plaintiff seeks leave to serve limited, **immediate discovery** on the John Doe Defendant's Internet Service Provider ("ISP") **so that Plaintiff may learn Defendant's true identity.**" [CM/ECF 7-1, at p.3 (emphasis added)].  As further support, Plaintiff attached a Statement of Deputy Assistant Attorney General for the Criminal Division Jason Weinstein Before the House Subcommittee on Crime, Terrorism, and Homeland Security, stating how ISP providers regularly destroy IP assignment information. [CM/ECF 7-4].

Now, in its Reply, Plaintiff claims that "[t]here is **no reason** to believe that Comcast deleted any information about the subject IP address as it pertains to the few weeks prior to the date listed on Plaintiff's subpoena." [CM/ECF 35 at p. 3 (emphasis added)]. Which is it? That there is an immediate need for the information from Comcast or it will be destroyed as Plaintiff represented to this Court in order to obtain Plaintiff's *ex parte* order, or was there really no urgency since there is apparently no reason to believe Comcast deleted any information? Plaintiff cannot have it both ways.

Further, Plaintiff sued Defendant on the basis of 20 alleged infringements and asks this Court to "Award Plaintiff statutory damages in the amount of **$150,000 per infringed Work**." [CM/ECF 16 at ¶ 30 (emphasis added)]. How then, other than through an intent to mislead this Court about the urgency to truly identify a habitual infringer, knowingly acting unconscionably, is it possible that, after telling the Court this information is needed to attack the "worst of the worst" and alleging habitual conduct with 20 alleged infringements, the Plaintiff only asks the ISP for the identifying information for **only one** of the 20 alleged infringements? Plaintiff's hope was this misleading conduct would go unnoticed, the Defendant would be embarrassed and afraid of a lawsuit, including an alleged damage award of $3 million, and pay a quick settlement.

Defendant is injured because Plaintiff admits it would not have sued Defendant based on the only evidence it has that Defendant was assigned the IP address alleged to have infringed Plaintiff's copyrights. Plaintiff will only ever be able to prove that Defendant was assigned the allegedly infringing IP address for one of the 20 alleged infringements. But yet Plaintiff still claims there are actually 20 infringements, for a potential judgment of $3 million dollars at a rate of $150,000 x 20 Works. Defendant is forced to defend against Plaintiff's claims, even though

Plaintiff, assuming Plaintiff's Complaint is truthful about ISPs destroying IP information in short order, can never prove anything beyond one work. And in spite of Plaintiff's information, limited by Plaintiff's own actions, Plaintiff is publicly labeling Defendant as the "worst of the worst" and one of the "most egregious repeat" offenders. Plaintiff is litigating against Defendant with non-existent evidence, forcing Defendant to pay attorney fees and causing Defendant emotional distress. Defendant has shown significant injury resulting from Plaintiff's unclean hands.

### IV. CONCLUSION

Plaintiff did not come into the court with clean hands. The unclean hands doctrine "prohibits a wrongdoer from enjoying the fruits of his transgression that in some measure affect the equitable relations between the parties regarding a claim before the Court." *Ajay Sports, Inc. v. Casazza*, 1 P.3d 267, 276 (Colo. App. 2000). Because Plaintiff injured Defendant by improperly continuing this litigation with evidence of only one alleged download, publicly labeled Defendant as one of the "worst of the worst" and "most egregious repeat" offenders, and falsely represented to the court to obtain an *ex parte* order, Defendant's Affirmative Defense of Unclean Hands should remain.

Dated this 9th day of May 2014.

GODIN & BAITY, LLC

By  *s/ Carolyn S. Lindvig*
Carolyn S. Lindvig
621 Seventeenth Street, Suite 1900
Denver, CO 80265
(303)572-3100
clindvig@godinbaity.com
*Attorneys for Defendant Mike Cuddy*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 9th day of May 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

  Jason Kotzker
  Kotzker Law Group
  9609 South University Boulevard, #632134
  Highlands Ranch, CO  80163
  jason@klgip.com

                */s/*
                _____
                Diane T. Lee