## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02385-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

MIKE CUDDY,

      Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 37, hereby moves for entry of an order compelling Defendant to produce forensically sound images of Defendant's computer devices, tablets, external storage devices and video game consoles (collectively, "hard drives"), and in support files the following memorandum.

### I.     INTRODUCTION

On February 25, 2014, Plaintiff served Defendant with its Requests for Production, which Defendant responded to on March 21, 2014. Since receiving Defendant's discovery responses, Plaintiff has communicated with defense counsel in an effort to obtain production of forensically sound images of Defendant's hard drives for examination by Plaintiff's forensic expert. Defendant is demanding a protective order be in place prior to production of his hard drives. Additionally, Defendant improperly asserts that he will only produce the hard drives if, at Plaintiff's expense, a neutral expert conducts an examination of the hard drives under Defendant's unreasonable search parameters. Therefore, the parties have been unable to agree on a suitable protective order for production of Defendant's hard drives. Defendant's failure to

1

produce forensic images of his hard drives has prejudiced Plaintiff and unduly delayed Plaintiff's ability to advance this litigation, conduct depositions, and prepare for trial.   For the foregoing reasons as explained more fully below, this Court should grant the subject Motion.

## II.   FACTS

On March 21, 2014 Defendant responded to Plaintiff's Requests for Production.   *See* Exhibit A, Defendant's Responses to Plaintiff's Requests for Production.   In response to Plaintiff's request for production of forensically sound copies of Defendant's hard drives, Defendant asserts that he will only produce the hard drives if, at Plaintiff's expense, a neutral expert conducts an examination of the hard drive under Defendant's unreasonable search parameters.   Since June 2014, Plaintiff has also provided defense counsel with search parameters for hard drive examination which Plaintiff has used (and courts have approved) in other copyright infringement cases.   However, Defendant is unreasonably refusing to agree to such parameters.   Further, Plaintiff has explained to defense counsel that Plaintiff is free to choose which expert to retain for litigation.   However, after various e-mail exchanges and undersigned's attempts to negotiate a protective order regarding the foregoing details, the parties have been unable to agree on a suitable protective order.

Accordingly, Plaintiff is seeking an order compelling Defendant to produce, at his own expense, forensic images of his hard drives to Plaintiff.

## III.   LEGAL STANDARD

A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…[.]"   Fed. R. Civ. P. 26(b)(1).   "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action…[r]elevant information need not be admissible … if the discovery appears reasonably calculated to lead to

the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  A party seeking discovery may move for an order compelling production if a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.  *See* Fed. R. Civ. P. 37(a)(3).

Upon granting a motion to compel "[t]he court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  A court must grant this payment when the movant has made an attempt in good faith to obtain the disclosure or discovery without court action, the opposing party's nondisclosure or responses were not substantially justified, and the award of expenses is just. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

## IV.   ARGUMENT

### A. The Court Should Compel Production of Defendant's Relevant Hard Drives

#### 1.   Defendant's Hard Drives Contain Relevant Information

Plaintiff's infringement claim is based on Defendant's use of the BitTorrent network to copy and distribute Plaintiff's copyrighted works.  BitTorrent clients and torrent files may be located on Defendant's hard drives.  Request for Production No. 1 seeks a forensically sound copy of the hard drive for each of the computer devices in Defendant's house, apartment, or dwelling.

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1).  "[W]here the computer itself is at the heart of the litigation-where it is, in effect, an instrumentality of the alleged copyright infringement-it is plainly relevant under Fed. R. Civ. P. 26(b)[.]" *Capitol Records, Inc. v. Alaujan*, 2009 WL 1292977 at *1 (D. Mass., 2009) (allowing Plaintiff to examine Defendant's hard drive under a

protective order).  Indeed, "inspection of a computer's contents is frequently permitted in cases involving copyright infringement." *Dassault Systemes, S.A. v. Childress*, 2012 WL 993959 at *2 (E.D. Mich., 2012).  "Thus, courts have permitted imaging of hard drives where the use of the computer or its files forms the basis of the plaintiff's claims against the defendant." *Piccone v. Town of Webster*, 2010 WL 3516581 at *8 (W.D.N.Y. 2010).

Plaintiff's infringement claim is based on Defendant's use of the BitTorrent network to copy and distribute its copyrighted works.  Because Plaintiff's copyrighted works, BitTorrent clients, and torrent files may be located on Defendant's computer hard drives, external storage devices, and video game consoles, a complete copy of each is relevant and discoverable.

2.  <u>Plaintiff Attempted To Negotiate A Protective Order In Good Faith</u>

In response to Plaintiff's request for production of Defendant's hard drives, Defendant insisted on the entry of a protective order.

> **Plaintiff's Request for Production No. 1**: A forensically sound copy (a clone) of the hard drive for each of the Computer Devices in your house, apartment or dwelling.
> **Defendant's Response**:  This RFP calls for production of personal information, including financial information that is irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Production of electronically stored information ("ESI") is also expensive. Defendant will consider a reasonable proposal by Plaintiff for some type of limited neutral forensic inspection, whereby Plaintiff will not search or obtain an actual copy of Defendant's hard drive, but rather a neutral party will conduct an inspection with agreed upon parameters, all subject to a protective order.  This RFP also seeks information that is so broad and unlimited in time and scope, its purpose is only intimidated, annoy, and harass Defendant.

On June 27, 2014, Plaintiff submitted a proposed protective order to defense counsel. *See* Exhibit B, E-mail Exchange Between Undersigned and Defense Counsel. Between June 2014 and August 2014, Plaintiff: (1) supplied the name of its computer professional based in Colorado who can create the images; (2) provided defense counsel with a list of hardware and

software this professional will use to image the drives; and (3) provided reasonable language which would limit the scope of Plaintiff's forensic examination.   However, Defendant has maintained that Plaintiff should bear the cost of a neutral expert's examination under unreasonable search parameters.   After considerable time spent negotiating a protective order and Defendant's failure to file a motion for entry of a protective order, Plaintiff has no choice but to file the instant motion.

      B.   <u>Defendant's Conditions for Production of the Hard Drives are Unreasonable and Lack any Legal Basis</u>

As part of Defendant's Response to Plaintiff's Request for Production No. 1, Defendant demands that the examination of Defendant's hard drives be conducted: (1) under unreasonable search parameters; (2) by a neutral computer forensic expert; and (3) at Plaintiff's expense.   Such demands are unreasonable and lack any legal basis.   Indeed, Defendant has not supplied Plaintiff with any legal basis, case law, court rule, statute or otherwise in support thereof.

      1.   <u>Defendant's Demand for a Limited Examination of the Hard Drives is Unreasonable</u>

Defendant is demanding that Plaintiff unreasonably limit the examination of Defendant's hard drives.   To explain, Defendant suggests that Plaintiff's examination be limited to: (a) locating Plaintiff's works; and (b) locating evidence of deletions of Plaintiff's works.   This criterion is exceedingly limited in scope.   Indeed, in Plaintiff's other copyright cases, Plaintiff has discovered the use of BitTorrent clients, torrent files and fragments, and evidence of the existence of other relevant non-disclosed hard drives.   All of the foregoing is highly relevant evidence demonstrating that a defendant likely committed the infringement or concealed evidence.   Therefore, exclusion of such discovery is unreasonable and improper.

However, to accommodate Defendant's concern regarding privileged and confidential information, Plaintiff agreed to limit the scope to Plaintiff's copyrighted works, peer-to-peer file sharing programs, torrent files, torrent file fragments, any files pertaining to peer-to-peer clients, files pertaining to peer-to-peer distribution; web history relating to BitTorrent activity, and evidence that significant alterations have been made to the hard drives consistent with the deletion or suppressing of evidence.

> Plaintiff's forensic expert will perform a search of the imaged hard drives for: (1) torrent files; (2) torrent file fragments; (3) any files pertaining to peer-to-peer clients; (4) any files pertaining to peer-to-peer distribution; (5) web history relating to BitTorrent activity; and (6) any evidence that significant alterations have been made to the hard drives consistent with the deletion or suppressing of evidence. Lastly, Plaintiff's forensic expert may conduct any other actions that may be necessary to determine if significant alterations have been made to the hard drives consistent with the deletion or suppressing of evidence.

*See* Exhibit C, Plaintiff's Proposed Protective Order. The forgoing limitation is proper because it allows Plaintiff to conduct a thorough investigation into copyright infringement and BitTorrent use while preserving Defendant's confidential information.

2. Plaintiff's Expert Witness Should be Permitted to Examine Defendant's Imaged Hard Drives

As Plaintiff's Fed. R. Civ. P. 26(a)(2)(B) expert, Patrick Paige of Computer Forensics, LLC, should be permitted to examine Defendant's imaged hard drives. To accommodate Defendant, Plaintiff agrees to allow a forensic expert based in Colorado, to forensically *image* the hard drives. This would provide Defendant and his counsel, the opportunity to observe the imaging of Defendant's hard drives and would also prevent Defendant from being without his hard drives for an extended period of time. The source drives would be returned to Defendant that same day after imaging and the forensically sound tamper-proof images would be sent to Plaintiff's forensic expert in Florida for examination. In other words, while Plaintiff agrees to

have a forensic expert based in Colorado create the hard drive images, Plaintiff maintains that the *examination* of those images be conducted by Plaintiff's forensic expert, Patrick Paige.

Defendant is demanding that Plaintiff retain a neutral expert to examine Defendant's hard drives. Such a request is unreasonable because Defendant cannot prevent Plaintiff from retaining its own expert. Similarly, Defendant cannot dictate which expert Plaintiff chooses. Accordingly, Plaintiff's expert should be permitted to examine Defendant's imaged hard drives.

      3.   Defendant Should Bear the Cost to Produce Forensic Images of His Hard Drives

Defendant should bear the cost of producing forensically sound images of his hard drives because the hard drives are accessible and the imaging process does not impose an undue burden or expense.

      a.   Defendant Failed to Meet the Required Burden of Showing That Hard Drive Images are Inaccessible Because of Undue Burden or Cost

The Federal Rule states that "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2). Further "[o]n motion to compel discovery or for a protective order, the party from whom discovery is sought *must* show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B) (emphasis added). Defendant has not made any attempt to demonstrate that the information sought – forensically sound images of the hard drives – is inaccessible because of undue burden or cost. Defendant's discovery responses merely state that the request is "unduly burdensome[.]" This conclusory statement is insufficient. *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, 2014 WL 806122 at *9 (D. Kan. Feb. 2014) (court denied party's request to shift ESI production costs to requesting party because it failed to: substantiate its claim of undue burden, estimate the number

of hours and cost per hour to produce, and provide any affidavit detailing the costs of production).  Therefore, Defendant has not met his burden.

> b. Factors Courts Use to Determine if ESI is Inaccessible Because of Undue Burden Weigh in Plaintiff's Favor

"While the general rule is that a party [from whom discovery is sought] should bear the costs of producing discovery, the Court may consider numerous factors to determine whether to shift that cost to the requesting party[.]"  *Hudson v. AIH Receivable Mgmt. Servs.*, 2011 WL 1402224 at *1 (D. Kan. 2011).  Such factors include (a) whether the information is stored in an accessible or inaccessible format; (b) the specificity of the discovery request; (c) the quantity of information available from other and more easily accessed sources; (d) the failure to produce relevant information that seems likely to have existed; (e) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (f) predictions as to the importance and usefulness of the further information; (g) the importance of issues at stake in the litigation; and (h) the parties' resources.  *Id*.

> c. Defendant's Hard Drives are Accessible and Production is Not Unduly Burdensome or Costly

The data on Defendant's hard drives is easily accessible to Defendant and therefore cannot possibly be unduly burdensome or costly to produce.  Because inaccessible data is more costly to produce than accessible data, "[w]hether production of [electronically stored information] is unduly burdensome or expensive turns primarily on whether it is kept in an *accessible* or *inaccessible* format."  *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003) (emphasis added).

Plaintiff seeks a forensically sound copy of Defendant's computer devices such as desktops, laptops, tablets or iPads, mobile phones, portable hard drives, external storage devices, and video game consoles.  Plaintiff seeks this information in order to examine the contents of the

hard drives for Plaintiff's works, evidence of BitTorrent use, and evidence of spoliation, deletions, or suppression of evidence. In Plaintiff's prior cases, it has found evidence of frequent BitTorrent use, spoliation, suppression of evidence, and perjury. Thus, there is a strong likelihood that Plaintiff will find relevant evidence on Defendant's hard drives. This electronically stored information cannot be obtained from any other source other than Defendant's own hard drives.

All of the requested hard drives and electronic data are accessible. Indeed, "[a]ny data that is retained in a machine readable format is typically accessible." *Zubulake*, at 318. Further, electronic data on hard drives are considered to be the *most accessible*. *See Id*. (emphasis added). "Although parties in the past have been able sometimes to shift the majority of the costs of document production to the requesting party merely by making records available for inspection, that cost-shifting tactic is less available and less necessary when the information is stored in computers." *Bills v. Kennecott Corp.*, 108 F.R.D. 459, 462 (D. Utah 1985). As such, Defendant should be required to pay the cost of producing a forensic image of his hard drives. *See Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. 5 (D.D.C. 2009) (court held that defendant was responsible for the cost of producing forensic copies of its hard drives).

In addition to being readily accessible, the cost of forensic imaging is not an undue burden or expense. The industry standard cost of forensic imaging by a licensed computer forensic expert, ranges from about $600 to $1000 per hard drive or mobile device depending on the size of the device. At this time, Defendant maintains that he has four computer devices: a MacBook Pro, an iPad, an iPhone5, and an AppleTV, all of which were in his home during the period of recorded infringement. Thus, Defendant's cost to image these hard drives would be within the $2,400 to $4,000 range – an amount that is below what courts consider to be an

"undue burden or expense" when imposing cost-shifting for production of electronically stored information.

Therefore, Defendant's hard drives are readily accessible and the cost of imaging does not impose an undue burden or expense. Accordingly, Defendant should bear the cost of producing forensically sound images of his hard drives.

### d. The Hard Drives Are Necessary to Proceed With the Case

Without production of the hard drives, Plaintiff's expert cannot submit an expert report and Plaintiff cannot complete a deposition of the Defendant. It is Plaintiff's practice to depose Defendant after its expert analyzes the Defendant's computers because the information gleamed from Defendant's computers will be the subject of deposition questions. Therefore, Defendant's failure to produce his hard drives has prejudiced Plaintiff and unduly delayed Plaintiff's ability to advance the litigation, conduct depositions, and prepare for trial.

Given the relevancy of the hard drives, Plaintiff's willingness to stipulate to the entry of a reasonable protective order, and undersigned's good-faith negotiation attempts to construct such an order, this Court should order the Defendant to produce his hard drives for imaging and inspection.

### C. Plaintiff Is Entitled to Its Reasonable Attorney Fees and Costs Incurred Pursuant to Fed. R. Civ. P. 37(a)(5)(A)

Plaintiff attempted in good faith to obtain production of Defendant's hard drives. Indeed, undersigned contacted defense counsel through various e-mails in an effort to resolve the foregoing issues and coordinate production of the hard drives. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a movant's motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees." The only exceptions are where: (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Here, none of the foregoing exceptions are applicable.

Plaintiff made a good faith attempt to obtain Defendant's hard drives. On June 27, July 7, July 16, August 7, and August 25, Plaintiff's counsel sent defense counsel e-mails inquiring about production of Defendant's hard drives, explaining the imaging process, and proposing two different protective orders in an effort to accommodate Defendant. And on August 25, defense counsel responded with unreasonable revisions to Plaintiff's proposed protective order. Defendant has not demonstrated good cause for his failure to produce his hard drives. Accordingly, Plaintiff is entitled to its reasonable expenses incurred in connection with bringing the instant motion.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel and award Plaintiff its attorney's fees and expenses incurred pursuant to Fed. R. Civ. P. 37(a)(5)(A).

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an Order:

(A)    Granting Plaintiff's Motion to Compel;

(B)    Compelling Defendant to serve upon counsel for Plaintiff, within seven (7) days of the entry of its Order, forensically sound images of Defendant's hard drives at Defendant's expense;

(C)     Awarding Plaintiff its reasonable attorney's fees and expenses pursuant to Fed. R. Civ. P. 37;

(D)     Holding that Defendant's failure to comply with the Court's Order Compelling production of Defendant's imaged hard drives shall result in the entry of a Default Judgment in Plaintiff's favor; and

(E)     Granting such other and further relief as this Court deems just and proper.

## GOOD FAITH CERTIFICATION

Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 37(a)(1) and D.C.COLO.LCivR 7.1, hereby certifies that on June 27, July 7, July 16, August 7, and August 25, undersigned conferred with defense counsel through e-mail in a good faith effort to resolve the issues raised in this Motion and to explain the nature of the motion and its legal basis. However, the parties were unable to agree on the terms of a protective order.  Therefore, the issues raised in this motion remain unresolved.  To date, undersigned has not received any hard drives responsive to Plaintiff's Requests for Production No. 1.

DATED: August 29, 2014

Respectfully submitted,
By: */s/Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd., #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ *Jason Kotzker*
Jason Kotzker