# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02385-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

MIKE CUDDY,

    Defendant.

_____/

## PROTECTIVE ORDER FOR PRODUCTION
## OF DATA ON DEFENDANT'S COMPUTER HARD DRIVES

    Plaintiff has propounded requests to Defendant to produce for inspection all of Defendant's computer device hard drives at his residence. Defendant objected alleging that the request calls for production of personal information, including financial information, that is irrelevant, confidential, attorney-client privileged, work product protected, and not reasonably calculated to lead to the discovery of admissible evidence.

    The parties are ordered to comply with the terms set forth below in order to protect privileged and non-relevant information on the Defendant's hard drives while allowing Plaintiff access to Defendant's hard drives, for the limited purposes of searching for evidence of: (1) Plaintiff's copyrighted Works identified on Exhibit B, attached to Plaintiff's 12/4/13 Amended Complaint in this case; (2) the use of BitTorrent; and (3) sophisticated wiping efforts of those Works. The foregoing parameters are explained in detail in Paragraph 15(a) – 15(e) of this Protective Order.

    1.    Plaintiff, Defendant, and their respective counsel are automatically bound by this Protective Order. Prior to receiving any of Defendant's hard drives, or an "image" of same, each

1

qualified persons defined in sections 1(a) - 1(d) below shall be provided with a copy of this Order and shall execute and be bound by this Order by signing the agreement attached hereto as Exhibit A, B, or C, an original of which shall be maintained by counsel receiving the Defendant's hard drives. As soon as signed, the signed copy will be provided to Defendant's counsel. "Qualified persons" are defined as:

  a. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

  b. employees of attorney services or professional copy services retained by a counsel of one of the parties;

  c. court reporter(s) employed in this action; and

  d. any other person as to whom the parties in writing agree.

Plaintiff must obtain Defendant's permission prior to allowing anyone besides Martin Siefert and Patrick Paige from receiving Defendant's hard drives or imaged hard drives.

2. Plaintiff will engage the services of a local computer professional ("Computer Professional") to perform the imaging of the hard drives identified in Defendant's response to prior document requests. Plaintiff will be solely responsible for the cost and fee associated with retention of this Computer Professional. Plaintiff has identified its Computer Professional as Martin Siefert, of Proactive Discovery, LLC, 16890 East Alameda Pkwy #470129 in Aurora, Colorado.

3. Defendant may independently retain another computer professional, whose presence is permitted during the imaging of the hard drives.

4. Prior to receiving any of Defendant's hard drives, Mr. Siefert shall be provided with a copy of this Order and shall execute and be bound by this Order by signing the agreement

attached hereto as Exhibit A, an original of which shall be maintained by counsel receiving the Defendant's hard drives.

5. Imaging of Defendant's hard drives will occur at Mr. Siefert's office. Mr. Siefert will travel to Defendant's residence, take time-stamped photographs of each of the hard drives, log a chain of custody regarding each of the hard drives, and remove the hard drives and transport them back to his office, located as identified in paragraph 2. Mr. Siefert will not make any attempt to engage in conversations with Defendant other than as specifically related to the chain of custody of the hard drives. Mr. Siefert will transport the hard drives to Forensic Pursuit, 1432 Blake Street, Denver, Colorado 80202, as soon as possible after completion of the imaging, not to exceed 48 hours after receipt of the hard drives. To the extent Mr. Siefert is unable to complete the imaging in 48 hours, he will immediately notify counsel for both Plaintiff and Defendant by electronic mail. Mr. Siefert will log a chain of custody related to the transport and transfer of the hard drives to Forensic Pursuit.

6. If Defendant so chooses, Mr. Siefert will provide an exact duplicate of the imaged hard drives to Defendant or Defendant's computer professional at a cost to be borne by Defendant. Mr. Siefert will charge a fee for the exact duplicate of the imaged hard drives. Other than the imaged hard drives provided to Plaintiff's forensic expert, and if requested, the exact duplicate of the imaged hard drives to Defendant, no additional duplicates or copies may be made or provided to anyone, for any reason, without Defendant's written consent. Mr. Siefert will provide verification in writing that the hard drive image provided to Defendant is an exact duplicate of the hard drive image provided to Plaintiff's forensic expert. Mr. Siefert will also provide verification in writing of the number of copies he made of the Defendant's hard drives, in no event to exceed two (2) copies.

7. Defendant represents and warrants that all computer device hard drives used or which may have been used by Defendant during the Period of Recorded Infringement (7/19/2013 through 8/3/2013) are being produced for imaging.

8. In order to obtain the requested information, Mr. Siefert will produce, in E01 Encase format, a forensically sound image of each hard drive using industry-standard software and procedures.

9. Mr. Siefert will use Tableau TD1 / TD2 Forensic Duplicator or CRU Ditto Forensic FieldStation hardware. These are physical write-block devices that allow the forensically sound acquisition of computer hard drives. In case the Tableau or CRU devices are not suitable to perform an acquisition of computer hard drives, Mr. Siefert will contact Defendant's counsel (directly by electronic mail, copied to Plaintiff's counsel) to verify which forensic boot CD he proposes be used which may require a password be provided. Mr. Siefert may choose to use one or more of the following forensic boot CDs to create a forensic image: SANS SIFT Workstation, RAPTOR or PALADIN. The use of forensic boot CDs requires that the Defendant provide the username and password of a user with administrative level access to the devices. For any Mobile Devices to be imaged (Phones/Tablets), Mr. Siefert will use Oxygen Forensic Analyst 2014 Edition software. If particular Mobile Devices are not supported by Oxygen Forensic Analyst 2014, Mr. Siefert may utilize the Mobile Device manufacturer endorsed backup solutions to capture data stored on the Mobile Devices.

10. The parties agree that Mr. Siefert's access to Defendant's hard drives shall be limited as set forth in this Order, and he is specifically not permitted to view, preview, or search the content of the hard drives. He is specifically permitted to view the directory structure on the image of each hard drive only to verify that the imaging process was successful. No further

review or analysis shall be performed by Mr. Siefert without the agreement of the parties or Court Order.

11. After completion of the imaging described herein, Mr. Seifert may send the Defendant's hard drive images to Plaintiff's forensic expert, Patrick Paige.

12. Prior to receiving any of Defendant's hard drives, Mr. Paige shall be provided with a copy of this Order and shall execute and be bound by this Order by signing the agreement attached hereto as Exhibit B, an original of which shall be maintained by counsel receiving the Defendant's hard drives.

13. Mr. Paige will be provided one copy of each imaged hard drive. Mr. Paige will maintain a copy of all imaged hard drives until instructed by both Plaintiff and Defendant to return the copy to Defendant or to destroy the copy.

14. Mr. Paige is not permitted to make any additional copies or images of the imaged hard drives. Mr. Paige is not permitted to provide any data from the imaged hard drives to anyone else, including orally in the context of any discussion, including to Plaintiff, until after Defendant has done a privilege review of the file list identified by Mr. Paige.

15. Mr. Paige is permitted to search the imaged hard drives for evidence of: (1) Plaintiff's Copyrighted Works identified on Exhibit B, attached to Plaintiff's 12/4/13 Amended Complaint in this case; (2) the use of BitTorrent; and (3) sophisticated wiping efforts of those Works. Mr. Paige will use EnCase and Internet Evidence Finder by Magnet Forensics ("IEF") to conduct his examination. Mr. Paige is only permitted to search Defendant's imaged hard drives for these three categories, as specified in paragraphs 15(a) - 15(e) below.

(a) Mr. Paige is not permitted to view the contents of the files that turn up from his searches, until after Defendant's counsel has been able to conduct a privilege review. As such, Mr. Paige must identify in advance of receipt of the imaged hard drives how he will turn off any and all preview functions in the forensic programs to be used, in order to prevent him from viewing the files until the privilege review is completed;

(b) Mr. Paige is only permitted to do keyword or phrase searches to produce a list of files containing those keywords. He is specifically not permitted to browse the contents of any of the files on Defendant's imaged hard drives until after Defendant's counsel completes a privilege review;

(c) <u>Plaintiff's Works</u>: Mr. Paige may type in the exact title of each Work identified on Exhibit B, attached to Plaintiff's 12/4/13 Amended Complaint in this case. No variations of the exact titles are permitted, unless outlined and agreed to specifically by Defendant and Defendant's Computer Professional in advance of such search;

(d) <u>BitTorrent Use:</u> Mr. Paige is permitted to search "torrent."

(e) <u>Sophisticated Wiping Efforts of Those Works</u>: Mr. Paige may type in the following terms to locate wiping efforts: "wipe," "wiping," "erase," "clean," "shred," "reformat," "delete," "Window Wiper," "Evidence Eliminator," "ShredIt," "MacWipe," and "WipeDrive"

16. Mr. Paige is required to keep a detailed log of each keystroke in order that it may be exactly duplicated by another individual. The log must include each keyword or phrase typed in to search.

17. After completion of the search Mr. Paige must sign and notarize the log, confirming that he did not search for anything beyond what is specified in Paragraph 15(a)-15(e).

18. Mr. Paige will produce a list of the files which contain the Works, torrent use, and wiping efforts, to Defendant's counsel to review for privilege. Defendant's counsel will have seven (7) business days to review the file lists for privilege.

19. After completion of the privilege review, Defendant's counsel will inform Plaintiff's counsel that Mr. Paige is permitted to view the contents of the files identified. If any of the files contain privileged material, Defendant will produce a privilege log. Any file contained on the privilege log will not be opened or viewed or previewed to any extent by Mr. Paige, or anyone else by or on behalf of Plaintiff. Plaintiff reserves the right to move the Court for an *in camera* inspection of any information whose privileged status it disputes.

20. If the above listed parameters yield relevant results, Mr. Paige will reproduce the information or data to Plaintiff and Defendant. If reproduction of the information or data is not possible, Mr. Paige will produce a printout of the matching files and/or data. Determination as to the form, foundation, and admissibility of the printout information will be made by the Court prior to trial.

21. Plaintiff will provide its expert report consistent with Fed. R. Civ. P. 26(a)(2) by this Court's scheduling order deadline.

22. In order to further ensure that any privileged information will be protected, Mr. Paige will be advised as to the identity of Defendant's counsel, and will segregate all potentially attorney-client privileged or attorney-work product from his search results. Mr. Paige will not disclose any such privileged information to Plaintiff and/or its attorneys.

7

23. Mr. Paige will disclose to Plaintiff's counsel and Defendant's counsel whether or not he found potentially privileged information. Mr. Paige will then provide this information to Defendant's counsel, who will determine whether Defendant wishes to assert a claim of privilege to the information. Plaintiff reserves the right to move the Court for an *in camera* inspection of any information whose privileged status it disputes.

24. Neither Mr. Paige's nor any other person's review of privileged information, nor any inadvertent disclosure thereof, will constitute a waiver of any privilege by Defendant.

25. If Mr. Paige's search reveals relevant information or data matching the above search criteria, he shall be allowed to disclose the stored location of the data and/or the allocation format of the information to Plaintiff. Plaintiff will then produce this information to Defendant by this Court's expert designation deadline. Determination as to the form, foundation, and admissibility of the location and/or allocation format of the information will be made by the Court prior to trial.

26. Mr. Paige's initial analysis shall be limited as set forth in this Order, plus an analysis of the location of files discovered. No further analysis shall be performed without the agreement of the parties or Court Order.

27. The parties agree that the search of all Defendant's imaged hard drives shall be limited to the manner described above and that there shall be no modification or deviation of the methods of data extraction without prior written agreement of the parties or order of the Court.

IT IS SO ORDERED

Date: _____                    **UNITED STATES DISTRICT JUDGE**

## Exhibit A

I, Martin Siefert, residing at _____, have read the foregoing Protective Order and agree to be bound by the terms thereof, and I further stipulate and agree that the United States District Court for the District of Colorado shall have personal jurisdiction over me for the purposes of enforcing the terms of the Protective Order.

Per the specific terms of the foregoing Protective Order, I, Martin Siefert, understand that I am only permitted to receive and image the hard drives.

I am specifically permitted to view the directory structure on the image of each hard drive only to verify that the imaging process was successful. I am not permitted to view, preview, or search the content of the hard drives.

I am not permitted to make more than one (1) copy of the hard drives, unless requested by Defendant or Defendant's Computer Professional.

If requested by Defendant or Defendant's Computer Professional, I am only permitted to make two (2) copies of the hard drives. One will be provided to Defendant or Defendant's Computer Professional. The other will be provided to Plaintiff's Forensic Expert.

I understand that there is a penalty for exceeding the authority granted by the Protective Order. I will be held in contempt of Court with both civil and criminal penalties for violating the authority granted by the Protective Order. Defendant will be permitted to publish to any person, organization, or entity the fact that I am in contempt of this Court's Order, due to my violation of the terms of this Order. I understand other penalties may be imposed should I exceed the authority granted by the Protective Order.

STATE OF _____ )
                          ) ss
County of _____ )

    SUBSCRIBED AND SWORN TO BEFORE ME this _____ day of _____, 2015 by Martin Siefert.

    Witness My Hand and Official Seal.

    My Commission Expires: _____

_____
Notary Public

## Exhibit B

I, Patrick Paige, residing at _____, have read the foregoing Protective Order and agree to be bound by the terms thereof, and I further stipulate and agree that the United States District Court for the District of Colorado shall have personal jurisdiction over me for the purposes of enforcing the terms of the Protective Order.

Per the specific terms of the foregoing Protective Order, I, Patrick Paige, understand that I am only permitted limited searching ability on the Defendant's hard drives.

I am permitted to search only as specified in the Protective Order, including in Paragraphs 15(a)-15(e).

I understand that there is a penalty for exceeding the authority granted by the Protective Order. I will be held in contempt of Court with both civil and criminal penalties for violating the limited searching of Defendant's hard drives. Defendant will be permitted to publish to any person, organization, or entity the fact that I am in contempt of this Court's Order due to my violation of the terms of this Order. I may personally be responsible for attorneys' fees and costs related to any action Defendant is forced to take to enforce this Protective Order. I understand other penalties may be imposed should I exceed the authority granted by the Protective Order.

STATE OF _____ )
                      ) ss
County of _____ )

    SUBSCRIBED AND SWORN TO BEFORE ME this ____ day of _____, 2015 by Patrick Paige.

    Witness My Hand and Official Seal.

    My Commission Expires: _____

_____
Notary Public

## Exhibit C

I, _____, residing at _____, have read the foregoing Protective Order and agree to be bound by the terms thereof, and I further stipulate and agree that the United States District Court for the District of Colorado shall have personal jurisdiction over me for the purposes of enforcing the terms of the Protective Order.

Per the specific terms of the foregoing Protective Order, I, _____, understand that I am only permitted access to Defendant's hard drives as specified in the Protective Order, including in Paragraphs 15(a)-15(e).

I understand that there is a penalty for exceeding the authority granted by the Protective Order. I will be held in contempt of Court with both civil and criminal penalties for violating the limited searching of Defendant's hard drives. Defendant will be permitted to publish to any person, organization, or entity the fact that I am in contempt of this Court's Order due to my violation of the terms of this Order. I may personally be responsible for attorneys' fees and costs related to any action Defendant is forced to take to enforce this Protective Order. I understand other penalties may be imposed should I exceed the authority granted by the Protective Order.

STATE OF _____ )
                              ) ss
County of _____ )

       SUBSCRIBED AND SWORN TO BEFORE ME this _____ day of _____, 2014 by _____.

       Witness My Hand and Official Seal.

       My Commission Expires: _____

_____
Notary Public