IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02385-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

MIKE CUDDY,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaim [filed March 19, 2014; docket #30]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion is referred to this Court for recommendation. (Docket #65.) The motion is fully briefed and the Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court RECOMMENDS Plaintiff's Motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

Plaintiff initiated this action on September 3, 2013, alleging that then-John Doe Defendant, identified only by his Internet Protocol ("IP") address, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films. In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. (Docket #7.) The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #10.) In particular, the Court authorized Plaintiff to serve a third party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of the Doe Defendant as set forth in Plaintiff's Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP had assigned an IP address. With the subpoena, the Court directed Plaintiff to serve a copy of its order. Finally, the Court emphasized that Plaintiff could only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautioned Plaintiff that improper use of this information could result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP and obtained his identity. Thereafter, Plaintiff filed an Amended Complaint on December 4, 2013, naming Mr. Cuddy as a Defendant. (Docket #16.) Defendant filed an Answer to Plaintiff's Amended Complaint on February 5, 2014, then filed an Amended Answer on February 26, 2014 asserting fourteen (14) affirmative defenses and a counterclaim for abuse of process. (Docket #29.)

Plaintiff filed the present motion to dismiss Plaintiff's counterclaim on March 19, 2014. (Docket #30.) Defendant timely filed his response to the motion on April 9, 2014 (docket #33) and Plaintiff its reply brief on April 23, 2014 (docket #36). The Court is now sufficiently advised and recommends as follows.

## LEGAL STANDARDS

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a

complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## ANALYSIS

A claim for abuse of process requires proof of three elements: "(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a legal proceeding in an improper manner; and (3) resulting damage." *Hertz v. Luzenac Group*, 576 F.3d 1103, 1117 (10th Cir. 2009) (quoting *Lauren Corp. v. Century Geophysical Corp.*, 953 P.2d 200, 202 (Colo. App.1998)). Thus, to succeed on an abuse of process claim, a party must show not only improper motive, but also that the legal proceeding was used in an improper manner. *Id*. "[A]lthough the litigant's motive may be important in determining whether there was an 'ulterior purpose' for the use of the process, it still must be established that, viewed objectively, there was an improper use of the process." *Id*.

(emphasis original).

Defendant alleges that Plaintiff has an "ulterior motive" in bringing this action "to elicit settlement from someone who did not download the work, rather than as a method to protect its copyrights." (Docket #29, ¶38.) Other courts addressing similar abuse of process claims have found that attempting settlement does not support a claim for abuse of process regardless of the parties' motivations. *See, e.g., Malibu Media, LLC v. Doe 1*, No. PJM 12-1195, 2013 WL 5603275, at *3 (D. Md. Oct. 10, 2013); *Malibu Media, LLC v. Lee*, No. 12-03900, 2013 WL 2252650, at *5-6 (D. N.J. May 22, 2013). "While it is likely true, given the salacious nature of the film, that Plaintiff had substantial leverage in settlement discussions, there is nothing wrong with presenting a defendant with a settlement offer prior to proceeding with litigation, and the fact that Plaintiff may have had an ulterior motive is inconsequential to the abuse of process analysis." *Metro Media Entm't, LLC v. Steinruck*, 912 F. Supp. 2d 344, 352 (D. Md. 2012). This Court agrees with the analysis of courts in other districts. In light of the public policy favoring settlement of disputes, a plaintiff's engaging in settlement negotiations can not be a basis for an abuse of process claim. *See generally Big O Tires, Inc. v. Bigfoot 4x4, Inc.*, 167 F. Supp. 2d 1216, 1229 (D. Colo. 2001) ("As a matter of public policy, the law favors and encourages settlements[;] [t]he settlement of actions should be fostered to avoid protracted, wasteful and expensive litigation.") (internal citations omitted).

In addition to asserting that Plaintiff's settlement efforts constituted an abuse of process, Defendant also appears to assert that Plaintiff's filing of the lawsuit was itself an abuse of process. "[W]hen the process alleged to have been abused entails ... the very filing of a lawsuit, ... [t]he party asserting the abuse of process claim also has to show that the other party's claim is devoid of factual support or, if supportable in fact, [has] no cognizable basis in law." *Yadon v. Lowry*, 126 P.3d 332,

337 (Colo. App. 2005).

In support of Defendant's position that the very filing of the lawsuit was an abuse of process, Defendant alleges Plaintiff had no evidence that Defendant was assigned the IP address that engaged in the illegal downloading at any second in time other than the specific time on August 3, 2013, for which Plaintiff's subpoena requested identifying information. However, Defendant concedes that he was assigned the IP address that engaged in at least one download of "one bit" of Plaintiff's copyright work for the one second in time for which Plaintiff requested information. (Docket #29, ¶¶ 19, 21, 25; docket #33, p. 2.) Thus, Defendant has failed to allege that Plaintiff's claim is devoid of factual support. Moreover, to the extent Defendant contends that Plaintiff should have obtained more information about the IP address – specifically, that the subpoena to the ISP should have requested information for a larger period of time – Plaintiff was only following this Court's discovery order, which was appropriately narrowly tailored to obtain the identify of the alleged infringer.

As an additional basis for the abuse of process counterclaim, Defendant asserts that Plaintiff is aware that 30% of the names turned over by the ISPs are not those of individuals who actually downloaded copyrighted material. (Docket #29, ¶23.) However, Defendant does not allege that Plaintiff wrongly brought actions against those 30% of individuals who did not actually download the copyrighted material, nor does Defendant explain how this alleged statistic is relevant to Plaintiff's allegation (and supporting documentation) that Defendant's IP address downloaded copyrighted material.

Finally, Defendant generally alleges that Plaintiff has developed a "business model of tracking BitTorrent sites to locate IP addresses which may lead to a potential copyright infringer,

in order to generate income for the alleged downloads, rather than as a method of stopping the alleged infringements." (Docket #29, ¶ 36.) Plaintiff vehemently denies this allegation and cites the efforts it has taken – outside of the courtroom – to prevent illegal downloading of its copyrighted works, such as requesting every week that thousands of URLs be removed from Google. (Docket #36, p. 2.) Even assuming Defendant's allegation about Plaintiff's ulterior motive is true, as long as "the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim." *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994) (quoting *Inst. for Prof'l Dev. v. Regis Coll.*, 536 F. Supp. 632, 635 (D. Colo. 1982)). This is so because, "while the ulterior motive may be inferred from the wrongful use of process, the wrongful use may not be inferred from the motive." *Inst. for Prof'l Dev. v. Regis Coll.*, 536 F. Supp. at 635. Recovering money is frequently the underlying motive for bringing an action, and does not give rise to an abuse of process claim where, as here, Plaintiff has a legitimate action against Defendant, and the action is supported by more evidence than many claims before this Court. If the Court were to find an abuse of process in every instance in which a Plaintiff's underlying motive for bringing the action is to recover money, the Court would find itself with very few legitimate cases.

In sum, Defendant has failed to plausibly allege that Plaintiff engaged in an abuse of process by filing this action or engaging in settlement negotiations. Accordingly, the Court recommends granting Plaintiff's motion to dismiss the counterclaim.

## **CONCLUSION**

In conclusion, this Court respectfully RECOMMENDS that Plaintiff's Motion to Dismiss

Defendant/Counter-Plaintiff's Counterclaim [filed March 19, 2014; docket #30] be **granted**.

Entered and dated at Denver, Colorado, this 27th day of January, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge