IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    13-cv-02385-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

MIKE CUDDY,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff's partially unopposed Motion to Strike Defendant's Affirmative Defenses (ECF No. 31), filed March 19, 2014. The motion was referred to Magistrate Judge Michael E. Hegarty for a Recommendation by Order of Reference (ECF No. 32). Magistrate Judge Hegarty issued a Recommendation (ECF No. 37) on April 24, 2014, that the above referenced motion be granted in part and denied in part. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Hegarty advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation. On May 9, 2014, Defendant Mike Cuddy filed a timely Objection (ECF No. 38) which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Plaintiff filed a

response (ECF No. 39) on May 23, 2014. For the reasons stated below, Defendant's Objection is overruled and Magistrate Judge Hegarty's Recommendation is affirmed.

II.     BACKGROUND

On September 3, 2013, Plaintiff filed this action against then-John Doe Defendant alleging copyright infringement on its copyrighted work. With regard to the instant motion:

> In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP and obtained his identity. Thereafter, Plaintiff filed an Amended Complaint on December 4, 2013, naming Mr. Cuddy as a Defendant. (Docket #16.) Defendant filed an Answer to Plaintiff's Amended Complaint on February 5, 2014, then filed an Amended Answer on February 26, 2014 asserting fourteen (14) affirmative defenses and a counterclaim for abuse of process. (Docket #29.) Plaintiff filed the present motion to strike certain affirmative defenses listed in the Answer on March 19, 2014. (Docket #31.) Defendant timely filed his response to the motion on April 9, 2014 (docket #34) and Plaintiff its reply brief on April 23, 2014 (docket #35).

ECF No. 37, pp. 2-3.

On April 24, 2014, Magistrate Judge Hegarty recommended that the present motion be granted in part to the extent that Defendant's second, third, fourth, fifth, seventh, ninth, and tenth affirmative defenses should be stricken. *Id*. at 14. It was further recommended that the motion should be denied in part because Defendant's eighth affirmative defense was properly alleged. *Id*. Defendant now partially objects to Magistrate Judge Hegarty's Recommendation; namely, the portion striking Defendant's fourth affirmative defense. Defendant's fourth affirmative defense asserts that "Plaintiff's claims are barred by the doctrine of unclean hands, including by purposefully neglecting

to request identifying information from the service provider related to the IP address at issue in this case for each alleged download of Plaintiff's works." ECF No. 29, p. 6.

III.  OBJECTION

In his Objection, Defendant argues that his fourth affirmative defense should not be stricken "[b]ecause Plaintiff injured Defendant by improperly continuing this litigation with evidence of only one alleged download, publicly labeled Defendant as one of the 'worst of the worst' and 'most egregious repeat' offenders, and falsely represented to the court to obtain an *ex parte* order." ECF No. 38, p. 6. In his Recommendation, Magistrate Judge Hegarty set forth a detailed and comprehensive analysis supporting his conclusion that "Defendant's Amended Answer and briefing fail to identify any inequitable conduct which is connected or related to the matters before the Court in this action." ECF No. 37, p. 11. He then recommended that Defendant's fourth affirmative defense be stricken.

Citing Plaintiff's policy of only pursuing repeat offenders, Defendant objects to Magistrate Judge Hegarty's findings. With evidence of only one alleged download, Defendant argues that he "would not be here defending himself and expending fees and costs, as Plaintiff readily admits that it only sues 'the worst of the worst infringers,' and 'only the most egregious repeat offenders are the targets.'" ECF No. 38, p. 2. Defendant further asserts that "[o]ne alleged download does not qualify as the 'worst of the worst' and serves no monetary incentive for the Plaintiff." *Id.* Nonetheless, "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . [of Title 17 of the United States Code] is an infringer of the

copyright . . . ." 17 U.S.C. § 501(a).  Thus, Plaintiff's decision to continue this litigation against Defendant with evidence of only one alleged download does not equate to improper conduct.

Defendant further objects to the Recommendation by asserting that Plaintiff made false representations to the court in seeking approval to serve a subpoena on Defendant's internet service provider ("ISP") in order to obtain Defendant's identity. Defendant explains that in *ex parte* proceedings Plaintiff sought leave from the Court to serve limited, immediate discovery on Defendant's ISP because "the John Doe Defendant's IP address has been habitually used to infringe Plaintiff's copyrighted works." ECF No. 38, p. 4 (emphasis omitted). In further support of Plaintiff's request, Defendant asserts that Plaintiff attached "a Statement of Deputy Assistant Attorney General for the Criminal Division Jason Weinstein Before the House Subcommittee on Crime, Terrorism, and Homeland Security, stating how ISP providers regularly destroy IP assignment information." *Id.*

Defendant contends that the foregoing is inconsistent with what Plaintiff now claims in its reply to its Motion to Strike Defendant's Affirmative Defenses. In its reply, Plaintiff stated that "[t]here is no reason to believe that Comcast deleted any information about the subject IP address as it pertains to the few weeks prior to the date listed on Plaintiff's subpoena." *Id.* at p. 5 (emphasis omitted). Defendant then advances the question: "Which is it? That there is an immediate need for the information from Comcast or it will be destroyed as Plaintiff represented to this Court in order to obtain Plaintiff's *ex parte* order, or was there really no urgency since there is apparently no

reason to believe Comcast deleted any information? Plaintiff cannot have it both ways." *Id.* Though Defendant questions the urgency of Plaintiff's discovery request, I cannot find that the representation, if indeed false, was improper based on the facts before me.

Finally, Defendant contends that Plaintiff's conduct does "not correlate with what it told the court initially to obtain the subpoena for the IP address." ECF No. 38, p. 3. Specifically, Defendant asserts that "despite alleging to the Court that there were twenty (20) alleged infringements against Defendant, Plaintiff specifically requested identifying information for only one alleged download of Plaintiff's Works from the ISP." ECF No. 38, p. 2. In Magistrate Judge Hegarty's Order (ECF No. 10) granting in part Plaintiff's motion to serve a third party subpoena, he authorized Plaintiff to: "serve a third party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP with the limited purpose of ascertaining the identity of the Doe Defendant." ECF No. 10, p. 2. He further stated that "[t]he subpoena shall be limited to providing Plaintiff with the name, address, telephone number, and email address of the subscriber (Doe Defendant) to whom the ISP has assigned an IP address." *Id.* Since Magistrate Judge Hegarty's Order did not preclude requesting identifying information for only one alleged download, I find that Plaintiff's actions were not improper.

After carefully reviewing the record and relevant authority, I cannot conclude that Magistrate Judge Hegarty erred in determining that Defendant's fourth affirmative defense should be stricken. Based on my careful *de novo* review as required by 28 U.S.C. § 636(b), I find that Magistrate Judge Hegarty thoroughly analyzed Defendant's fourth affirmative defense and correctly applied the legal standards applicable to the

motion. Accordingly, I overrule Defendant's Objection finding his arguments to be unavailing.

Finally, since Defendant only objected to a portion of Magistrate Judge Hegarty's Recommendation, I review the balance of the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes. Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Hegarty's Recommendation is thorough, well reasoned and sound. I affirm and adopt Magistrate Judge Hegarty's conclusion that the pending motion should be granted in part and denied in part as set forth in both the Recommendation and this Order.

IV.   CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 37) is **AFFIRMED AND ADOPTED**. Defendant's Objection (ECF No. 38) is

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

**OVERRULED**.  Accordingly, it is

ORDERED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 31) is **GRANTED IN PART** in that Defendant's second, third, fourth, fifth, seventh, ninth, and tenth affirmative defenses are hereby **STRICKEN**.   It is

FURTHER ORDERED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 31) is **DENIED IN PART** because Defendant's eighth affirmative defense was properly alleged.

Dated:   March 18, 2015.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE